[Civ. No. 5972. Second Appellate District, Division Two.—June 5, 1930.]

P. W. VAN DOREN et al., Respondents, v. FRITZ B. BURNS et al., Appellants.

Janeway, Beach & Pratt and Roland T. Kinney for Appellants.

Joseph Sokolow for Respondents.

CRAIG, Acting P. J.—The respondents were awarded judgment for a balance alleged to have been owing and unpaid by appellants, the owners of certain real property in Los Angeles County, for the construction of a dwelling-house thereon, and the latter appealed from said judgment.

It is conceded that Fritz B. Burns employed one L. G. Scherer as architect to prepare plans and specifications and to superintend the work of the contractors; that Scherer, although not a certified architect, fulfilled his part of the agreement in this respect, and that considerable labor was performed and materials were furnished in addition to those called for by the original plans; that the job was com-

pleted, certain liens were filed, and that Scherer, acting as an arbitrator, attempted to adjust differences between the contractors and the owners as to a balance claimed by the contractors which Burns declined to pay them, and for which this action was prosecuted.

It is contended by appellants that the architect exceeded his authority in conferring with the contractors and acting as arbitrator in agreeing upon amounts of items forming the basis of their claim. Incidentally it is insisted that Scherer's failure to obtain an architect's certificate deprived him of the power to act. But this is not an action for the architect's compensation, nor is the result of his services, other than as arbitrator, seriously if at all questioned as being unsatisfactory. In any event, the provisions of the act requiring one if unlicensed to so inform his employer is for the benefit of the owner merely to place him upon his guard as to whether or not he should employ a person not so qualified. (*Ex parte McManus*, 151 Cal. 331 [90 Pac. 702].) As to the arbitration, appellant Burns testified and here insists that Scherer not only acted without authority, but that he and the contractors placed exorbitant prices upon the extra work and materials at conferences in which appellant had no opportunity to participate, without his consent, and for which he could not legally be held liable. The builders' contract, executed by respondents and Burns, provided, in part, as follows:

"Should the owner or the architect at any time during the progress of the work request any modifications, alterations or deviations in, addition to, or omission from, this contract or the plans or specifications, either of them shall be at liberty to do so, and the same shall in no way affect or make void this contract; but the amount thereof shall be added to or deducted from the amount of the contract price aforesaid, as the case may be, by a fair and reasonable valuation, based upon the market value of labor and material."

"Should any dispute arise between the owner and contractor or between the contractor and architect, respecting the true construction of the plans or specifications, the same shall, in the first instance be decided by the architect; and should the contractor be dissatisfied with the justice of such decision he shall, nevertheless, conform thereto, but is not thereby debarred from recovering from the owners reason-

able compensation for any extra work thus entailed, if not in fact a part of the work herein agreed to be performed.''

It also appears by affirmative testimony that expensive alterations or changes requiring extra labor and materials were demanded by the owners and were actually furnished, and received the latter's approval; that Burns objected to the charges therefor upon the grounds that they were not extras or were excessive, and Scherer positively testified that Burns ''authorized me to take charge,'' ''to get together with Mr. Van Doren and adjust the matter''; that ''Van Doren and myself and Mr. Burns worked back and forth two or three weeks trying to bring it to a conclusion''; that he ''brought it to a conclusion by arriving at the amounts there'' in the bill of particulars; ''probably cut out 10% to 20% from each item that was excessive''; that he and Van Doren agreed upon prices, prepared a statement and furnished Burns a copy thereof, to which the owners declined to agree. It further appears that the ultimate charges were based upon the fair and reasonable market value. There is no merit in appellant's contention, since the contractors and the arbiter in this respect followed the provisions of the contract, regardless of Scherer's authority to bind the owners as an arbiter. ■ And, resolving all intendments in favor of the judgment, upon conflicting evidence we must conclude that he was so authorized. In such event his decision will be held conclusive and can be impeached only for fraud or for gross mistake amounting to fraud. (*American-Hawaiian Eng. Co.* v. *Butler,* 165 Cal. 497 [Ann. Cas. 1916C, 44, 133 Pac. 280]; *Connell* v. *Higgins,* 170 Cal. 541 [150 Pac. 769]; *Roberts* v. *Security Trust & Savings Bank,* 196 Cal. 557 [238 Pac. 673].)

■ It is next asserted that there was an accord and satisfaction between the parties, Van Doren & Trueman having agreed that if Burns would pay certain claimants, they would forego all further compensation to which they might be entitled under their contract. Again there is conflicting evidence from which the trial court may have concluded that such was not only an untrue version of the controversy, but that appellants had so failed to comply with respondent's proposition as to preclude reliance upon it. It was testified by the contractors that they did offer to waive any amount due them if Burns would pay subcontractors before liens

were filed, as a protection to the contractors' credit; that Burns agreed to "think it over," but that he did not communicate with them again, and the liens were in fact filed. This point is also without merit. (Civ. Code, secs. 1583–1585.)

The only remaining point of consequence requiring discussion consists of appellants' argument that the charges for extras were excessive, and that respondents were allowed commissions to which they were not entitled. It appears that materials purchased were charged to appellants at actual cost, which qualified witnesses testified was the fair and reasonable market value. For tearing off the roof of the building after its completion and replacing it with a roof of different type after enlarging rooms, stairway and porch, etc., the actual square-foot dimensions were computed and charges made accordingly for the services pursuant to builders' customs, but at about seventy-five cents less per foot than the charge which had been made for the original construction work. This the testimony also tends to show was fair, reasonable and proper. We find no error in this respect in the findings when read as a whole.

The judgment is affirmed.

Thompson (Ira F.), J., and Gates, J., *pro tem.,* concurred.